The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That all the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all the relevant times herein.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the time of the alleged injury.
3. That defendant is an approved self-insured with Key Risk Management Services being the servicing agent.
4. That the employee's average weekly wages at the time of the alleged injury were $360.00 with a resulting compensation rate of $240.00.
5. As a result of the plaintiff's injury to his right knee he was out of work from October 4, 1993 to December 6, 1993.
 *******
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer in the position of electrician's helper. As an electrician's helper, plaintiff s duties consisted of running and pulling cable wires and putting in electrical outlets. Plaintiff was required to bend and squat down repeatedly throughout his workday.
2. On June 23, 1993, plaintiff had sustained an admittedly compensable injury by accident to his left knee for which he underwent surgery and received a 5% permanent partial disability. This claim was resolved by a Form 26 Agreement.
3. Plaintiff was released to return to work from his June 23, 1993, injury on August 30, 1993. His treating doctor indicated that he had reached maximum medical improvement on September 1, 1993.
4. On September 30, 1993, plaintiff was seen by Dr. Yates, his treating doctor, for the final time and Dr. Yates indicated the swelling in plaintiff's left knee had improved and that he was able to flex his knee to 110 degrees.
5. On October 1, 1993, plaintiff was preparing to install a receptacle located approximately 18 inches above the floor. As plaintiff was squatting down to perform this task, he felt a pop in his right knee. Plaintiff sat down flat on the floor and informed his supervisor who was with him that he had hurt his right knee.
6. Plaintiff did not bend his left knee as he squatted down and he put all of his weight on his right knee. Plaintiff was still unable to bend or place any weight on his left knee as a result of his June 23. 1993, injury.
7. Plaintiff was seen and treated by Dr. Gregory G. Holthusen for the injury to his right knee. It was Dr. Gregory's opinion that plaintiff injury to his right knee resulted from him not been able to place any of his weight on his left knee and the increased reliance on the right knee caused it to give.
8. Plaintiff would not have placed all of his weight on his right knee had he been able to use his left knee as he normally would, but he had not regained the f 11 use of his left knee as a result of his June 23, 1993, injury.
9. Dr. Gregory diagnosed plaintiff s condition as a torn medial meniscus. It was Dr. Gregory's opinion that plaintiff s condition had to be repaired by surgery. Plaintiff has not had the surgery performed because he could not afford the same.
10. It is still Dr. Gregory's opinion that plaintiff condition must be resolved by surgery although plaintiff has been able to perform his duties in another position since December 7, 1993. Dr. Gregory indicated that when the surgery is performed that plaintiff will be out of work recovering from four to six weeks.
11. Dr. Gregory is of the opinion that plaintiff retains a 10% permanent partial disability to his right knee as a result of his injury, and the rating will not change even after surgery.
 ********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On October 1, 1993, plaintiff sustained a compensable injury by accident while in the course and scope of his employment with defendant-employer that rendered him totally disabled from October 4, 1993, through December 6, 1993.
2. Plaintiff is entitled to receive temporary total benefits from October 4, 1993 through December 6, 1993. Plaintiff is entitled to receive another four to six weeks of temporary total benefits when he has the surgery that Dr. Gregory has indicated he needs.
3. The medical expenses that plaintiff incurred from his providers was reasonable and necessary to treat and improve the injuries he sustained on October 1, 1993.
4. Plaintiff is entitled to have defendants pay for his medical expenses incurred as a result of the injury on October 1, 1993.
 ********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to counsel fees hereinafter approved, defendants shall pay to plaintiff compensation benefits at the rate of $240.00 per week for the period from October 4, 1993 through December 6, 1993. Defendants shall also pay benefits to plaintiff for the four to six weeks or any additional time he may by out of work recovering from the surgery that Dr. Gregory has said he needs to his right knee. Defendants shall pay all sums in one lump sum that has already accrued.
2. A reasonable attorney fee in the amount of 25 percent of the compensation approved and awarded for the plaintiff is approved and allowed for plaintiff s counsel.
The attorney fee shall be deducted from the compensation payable to plaintiff and shall be paid directly to plaintiff's attorney.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury sustained.
4. Defendants shall pay to plaintiff compensation benefits at the rate of $240.00 per week for 20 weeks for the 10% permanent partial disability rating that plaintiff has received for his right knee.
5. Defendants shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER